**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) Case Nos. | 09-20143-01-CM (Criminal) |
| v. ) | 12-2191-CM (Civil) |
| ) | |
| **KENNETH RAYFORD,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Kenneth Rayford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 140). In June 2010, defendant pleaded guilty to crimes related to (1) the attempted bank robbery of a credit union and (2) an additional two bank robberies. Although defendant pleaded guilty pursuant to a plea agreement, he did not agree to waive his appellate rights. In October 2010, the court sentenced defendant to a total of 168 months of imprisonment. Defendant appealed his sentence but the Tenth Circuit affirmed.

Defendant now collaterally attacks his conviction by arguing that his counsel was ineffective because he failed to move to suppress evidence obtained as a result of the use of a Global-Positioning-System ("GPS") tracking device on a vehicle that defendant normally drove. In January 2012, the Supreme Court issued *United States v. Jones*, 132 S. Ct. 945 (2012). *Jones* held that placement of a GPS on an individual's vehicle—coupled with the use of that GPS to track the movement of the vehicle on public streets—constituted a Fourth Amendment search. Defendant essentially asks the court to find his counsel ineffective for failing to anticipate *Jones*.

-1-

**Legal Standard**

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* But, despite the existence of two prongs, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

**Analysis**

Applying the *Strickland* standard, the court considers defendant's claim. In doing so, the court begins and ends with the deficiency analysis. Defendant claims that counsel was ineffective because he failed to file a motion to suppress. The deadline for filing pretrial motions in defendant's case was February 16, 2010. Defendant entered his guilty plea on June 21, 2010. But at the time defendant's case was pending before this court, counsel did not have the benefit of *Jones's* guidance. In fact, counsel had very little guidance at all. While Circuits were beginning to weigh in on the propriety of

using GPS devices to track vehicle movements, the majority of those considering the issue found contrary to *Jones* based on the application of existing Supreme Court law. *See United States v. Marquez*, 605 F.3d 604, 609–10 (8th Cir. May 21, 2010) (finding no warrant necessary to install a GPS device on a vehicle for a reasonable time period); *United States v. Pineda-Moreno*, 591 F.3d 1212, 1216–17 (9th Cir. Jan. 11, 2010) (holding the use of a GPS on a vehicle for four months did not violate the Fourth Amendment); *United States v. Garcia*, 474 F.3d 994, 996–98 (7th Cir. 2007) (holding no warrant required to use a GPS to track a vehicle); *see also United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011) (holding that the use of a GPS that was not being used to continuously monitor the defendant was not a search, but decided well after the defendant in this case was sentenced). *But see United States v. Maynard*, 615 F.3d 544 (D.C. Cir. Aug. 6, 2010) (holding that using a GPS for 28 days to monitor the defendant's movements was unconstitutional, but decided after the defendant in this case entered his guilty plea). The Tenth Circuit had not addressed the issue, but the Supreme Court in *United States v. Knotts* had held that "a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." 460 U.S. 276, 281 (1983). This was the state of the case law around the time defense counsel was making strategic decisions about representing defendant in this case.

An attorney does not provide ineffective representation when he or she "fail[s] to predict future law." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (quotation omitted); *see also Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999) ("Generally, counsel is not ineffective for failing to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal have concluded.") (citations omitted); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995), *overruled on other grounds by United States v. Flowers*, 441 F.3d 900 (10th Cir. 2006) ("Clairvoyance is not a required attribute of effective representation.") (quotation marks and citation

omitted). Here, counsel did not provide ineffective assistance when he failed to anticipate the Supreme Court's ruling in *Jones.* Counsel's decision not to file a motion to suppress was objectively reasonable during the pendency of defendant's case. The governing (but not binding) law, in fact, suggested that such motion would have been futile. Defense counsel's strategy was a reasonable exercise of his professional judgment, and defendant is therefore not entitled to habeas relief.

## Evidentiary Hearing

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

## Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant Kenneth Rayford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 140) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 13th day of December 2012, at Kansas City, Kansas.

                                         s/ Carlos Murguia
                                         **CARLOS MURGUIA**
                                         **United States District Judge**